UNITED STATES DISTRICT COURT   DISTRICT OF CONNECTICUT

(AVC)

ZEE WEE J.MPALA,
          Plaintiff

CASE#3:13cv1226(AVC)

vs.

PAUL SIRES, Defendant

MARCH 11th 2017

PROPOSED MOTION FOR PERMISSION TO REOPEN&REFILE COMPLAINT.
REPLY TO DEFENDANTS OBJECTION TO REOPEN JUDGMENT&AMEND COMPLAINT

Plaintiff appearing Prose, Zee Wee J.Mpala, files pursuant to the following: Jurisdiction: that defs., acted with the specific intent to deprive him of his Constitutional rights to due process and equal protection under the 4th, 5th &14th amendts., 42 U.S.C. Sect. 1983 & 1985, Perry vs. Stamford 996F.Supp. 2d 74(2014) violations,

Prodedurally the Plaintiff is claiming that he is actually innocent of all the charges & Gomez vs. N.Y.C.P.D., (2015).

The Defs.,claimed that the Plaintiff filed this Complaint that they characterize as a R.60(b). That is not true, Plaintiff is claiming the defs., & his former counsel J.R. Williams, Fraudulently concealed evidence from the Plaintiff & the Court itself. This evidence had it been disclosed their is a reasonable probability that the Court would have ruled differently in their Motion for Summary Judgment Dkt.[37]. Gomez, supra, the 2nd Cir., over ruled the argument that JRWs represented. In Perry, supra, the Court ruled that a def., who Fraudulently Conceals evidence, and the Plaintiff can prove this, it serves as a grounds for equitable tolling of a statute of Limitation & procedural defaults. Perry contends, Def., "fraudulendly concealed from her the evidence necessary to commence this litigation within 3 years."

The C.G.S.A. Sect. 52-595, provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the case of action, such cause of action shall be determined to accrue against such person son so liable therefore at the time when the person entitled to sue thereon first discovers its existence."

The Plaintiff also choose to go pursuant to Persy which is 2nd Cir., law. (Jurisdictionally) like Plaintiff, who filed under *Bivens vs. 6 Unknown Agents 403 U.S. 388(1971).

The March 23rd 2011, missing tr., were not acquired by Plaintiff until Jan. 2016. (See the 9/25/2015 e-mail attached from JRWs) Plaintitiff "we have a hearing coming up on 10/30/2015, ...and we want to prepare." JRWs" The files were surrendered in full to Atty., Paul V.Carty.There is nothing here!"

We had a hearing coming up in Mpala vs. Funaro, a companion case.
*(Carpenter vs.Koskinen pursuant to Bivens vs. 6Unknown Agents, supra(F.Supp. 3d2015)

1)

T.J.Lengyel was hired by the plaintiff and at the 10/30/2015 hearing, before SALM, TJL pleaded with the Court, to provide the plaintiff more time for a Discovery at the Summary Judgment stage. Given that the express language of F.R.Civ.P., R.56 provides for such a discovery right! The Court denied the Plaintiff that right thereby violating R. 56. Had the Court given us more time we would have discovered this concealed evidence! TJL also filed a Motion for Reconsideration See Dkt.[77] That Motion was denied too. Neither the Sires Court or Funaro Court has ever see or ruled on this evidence which we now have, thanks to Atty.,Paul V.Carty that the Plaintiff hired and obtained it! G.A. 23, N23N CR10 103044-S & G.A.23 CR10-0109403-S. Had JRWs made this claim in his Original Complaint, their is a reasonable probability this Court would have ruled differently! JRWs & K.C.Shea are the blame! Perry, make it clear that the Plaintiff is not procedurally barred!(Those concealed tr.,     the Plaintiff was going to get rid of the Public Defender Michael Richards, just like he got rid of JRWs & TJL.) JRWs & KCS both pulled the Wool over the Court's eyes! The Plaintiff is claiming Malicious Prosecution too! When Michael Richards was disposed, he denied any knowledge of ever having seen the 2 Prose Motions that the Plaintiff had attempted to file(but the Court would not accept them,because M.R., was still Counsel of record. Therefore Plaintiff had to enter the case Prose first) M.R., was not questioned about his statement "that Mpala had gone Prose"either.

In the Yale Police Report, the Police stated that the Surveillance Film in this arrest was saved and turned into the N.H.P.D.,.It was recently discovered the States Atty., Jeff Emons destroyed that film on 4/6/2011, (the same day that this bogus improper Stipulation agreement in Mpala absence which is a clear violation of the Gomez case)In Crawford vs. New London, the defs., were charged with Spoliation of evidence, because the def., did not keep the Original film. However the def., reasonable foreseen a litigation and made a Copy. F.Supp.2d (2014). Watch the def., denys having a Copy! The Plaintiff without having a answer from the defs., has already filed a Motion for Sanctions pursuant to R.37. Reason being: The film in both of these companion cases would exonerated the Plaintiff and that is why that they were destroyed respectively! The Plaintiff is aggrieved!

(footnote, the Plaintiff also files pursuant to In Re Sims 534 F3d 117(2ndCir.2008) "We also note that in other contexts, a 'party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation,and that district should make some effort to protect a party so appearing from waiving a right ...because of his lack of legal knowledge.To give such extra leeway Courts are e.g., to contrue a prose litigant's pleadings&motions liberally.(SeeHainesvs.Kerner(1972)

(See Inventory of Property Seized Without A Search Warrant, p.2, SurveillanceFilm shreded by Jeff Emons, Investigator State Atty., office on 5/11/2011, attached)

In the defs., Motion objection to request for Permission Dkt.[64] on p. 13, states TJL raised the issue of the invalidity of the Public Defender's Stipulation in his Motion for Reconsideration Dkt.[40] & Replyh[42] filed during Sept., & October 2015. However the fraudulently concealed tr., were not tracked down until about Jan., 2016,. So this Court has never seen or ruled on that evidence. At the 10/30/2015, hearing before Judge SALM, when TJL raised the question of the missing tr., to the Court, he also requestedgan Extension of time to locate them and the Oral Motion was denied! KCs remained silent! He never offeredthe Plaintiff a copy of his. If we had that Fraudulently Concealed evidence when JRWs initially filed the Complaint the Plaintiff claim: would have been stated like this," Improper Stipulation Agreement Because The Public Defender Lacked The Auth.," According to the defs., M. Richards testified (at his Depo.,) that he directed his investigator to retrieve any relevent video and that the investigator was unable to do so! Now that is contrary to what Investigator Jeff Emons states.(See JeffeEmons notations, attached) In Gomez, Gomez had initially filed Prose Motion requesting the Court to Reopen his case because his atty., had filed the Stipulation without his knowledge or Consent! The District Court construed the request as a Motion For Reconsideration without holding an Evidentiary Hearing. The 2ndCir., ordered a Evid.,hearing!The Plaintif had never intended this to be characterized as a R.60(b). The Gomez case shows clearly that the Court has the authority to construed filing to what is procedurally appropriate it. ("Yale Museum Holding Annual Open House, N.H.Reg., attached). The Plaintiff is also filing pursuant to Equity & any other favor laws applicable.

In Both Mpala vs. Funaro & Mpala vs. Sires, the Plaintiff was ignorant that the tr., in question contained evidence favorable to him in receiving summary J.,. Perry vs. Stamford, on p.,9, states,

"In order to provide a requiste level of proof under Conn., fraudulent concealment statute, a plaintiff is "rquired to show that [a defendant]: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff] cause of action; (2) intentionally concealed these facts from the [plaintiff]sanda(3) concealed the facts foumthepurposatoffob- tainedg delay on the[plaintiff's] part in filing a Complaint on his causeof action." Rohner vs. Town of Coventry 581 F.Supp.2d 315, 319(D-Conn.2008)

Both JRWs who was supposed to be representing the Plaintiff & KCS the defs., Counsel fraudulently concealed evidence from Plaintiff & the Court itself! ThePlaintiff is aggrieved!

Zee Wee J.Mpala, Plaintiff Prose
E-mail el.oveja.negro7650@gmail.com

3)

C E R T I F I C A T I O N

This is to Certify that on the 20th day of March 2017 a true

Copy of the foregoing Motion was hand delivered to the,

                                        The U.S.District Court
(D-Conn.) Office of the Clerk   141 Church st. New Haven, Ct. 06511


and E-Mailed to Clendenen & Shea,LLC   Kevin C.Shea 400 Orange St. NewHaven,Ct.
    office@clenlaw.com                                               06510


                                                              *[signature]*
                                                  Zee Wee J.Mpala,Plaintiff Prose
                                                  E-Mail: el.oveja.negro7650@gmail.com
                                                  358 Orange St. Apt.#916
                                                  New Haven,Ct. 06511



Get Google Chrome
Try a fast, secure browser with updates built in

NO T

| Gmail | | More | 457 of 677 |

**Paul V.Carty**  Inbox  x

pvcartyesq
Add to circles

COMPOSE

Inbox (98)
Starred
Sent Mail

Something's not right

We're having trouble connecting to Google We'll keep trying.

This may be caused by network or proxy issues Learn more.

**ZeeWee Mpala** <el.oveja negro7650@gmail com>   7/23/15
to PVcartyEsq

    23rd day 7thMonth 2015
    Paul
        I just dismissed J.R.Williams from my cases. I hired another lawyer. As a result, he will want me to come by and get my files at once. I can't set foot back in his office, so will it be alright if he has someone dropped off those files at your office? Just until my new lawyer picks them up?
        I eagerly await for your reply

Sh

pvcartyesq@aol.com   7/23/15
to me

No problem. Just have them call first to be sure someone is here.

Paul V. Carty
Law Office of Paul V. Carty
233 Orange Street
P.O. Box 3192
New Haven, CT 06515
Ph - (203) 387-5400
Fx - (203) 387-5402
www.pvcartylaw.com

Click here to Reply or Forward

0.22 GB (1%) of 15 GB used
Manage

Terms - Privacy

Last account activity: 19 hours ago
Details



**Get Google Chrome**
Try a fast, secure browser with updates built in

NO T

Gmail      More      383 of 672

COMPOSE

### Rose We Still Have'nt Got The Trpts.   Inbox x

People (4)

Inbox (98)
Starred
Sent Mail

**ZeeWee Mpala** <el.oveja.negro7650@gmail.com>     9/25/15
to r l mclean

jrw
Add to circles

Sh

     25thday 9th Month2015
Rose
     I heard from JRW a few days ago. However he still hasn't said anything about the whereabout of bothTranscripts from G A # 6? I know that he & Kevin Shea attached portions of the said to the Docket Sheet,(See Federal Pacers) but we need the complete transcripts. JRWs inform us that we have a hearing coming up on the 30/10/2015. Thanks and we want to prepare I and forwarding a copy of this e-mail to the following: Kit, JRWs and my new lawyer Tom Lengyel
     I eagerly await for your reply

Something's not right

We're having trouble connecting to Google
We'll keep trying .

This may be caused by network or proxy issues
Learn more

--- 3 older messages ---

**John R Williams** <jrw@johnrwilliams.com>     9/25/15
to me

**The files were surrendered in full to Attorney Carty. There is nothing here.**

**From:** ZeeWee Mpala [mailto:el.oveja.negro7650@gmail.com]
**Sent:** Friday, September 25, 2015 3:33 PM
**To:** John R Williams
**Cc:** ZeeWee Mpala
**Subject:** Fwd: Rose We Still Have'nt Got The Trpts.

**ZeeWee Mpala** <el.oveja.negro7650@gmail.com>     9/26/15
to tom

Click here to Reply, Reply to all, or Forward

**WITHOUT A SEARCH WARRANT**
JD-CR-18 Rev. 1-07   C.G.S. §§ 21a-262, 26-85, 26-90, 54-36a,g,h, 46b-121 and 53-278c.

### PART A
COURT DOCKET NO.

☐ FOR P.D. USE ONLY
☐ WARRANT APPLIED FOR
☐ TO COURT

☐ Destroy - No Value
☐ Case Pending
☐ Return to Owner
☐ Prisoner's
☐ Juvenile

POLICE CASE/RECEIPT NO. 2484

### PART B
COURT DOCKET NO. CR10-0189403-S

JUVENILE COURT DOCKET NO.

**INSTRUCTIONS**
1. Do not use this form if a search warrant is used.
2. Original must be filed with the Clerk of Court.
3. In the case of an arrest or referral, file with a uniform arrest report or Juvenile Summons/Complaint.
4. Last copy for Police Department use.

**ASSET FORFEITURE** COURT DOCKET NO.

TO THE SUPERIOR COURT AT (Address of court)
☐ JUVENILE MATTERS  ☑ G.A. No. 23   121 ELM ST.

UNIFORM ARREST REPORT/JUV. SUMMONS NO.

| COURT APPEARANCE DATE | ARREST/REFERRAL ☑ MADE ☐ PENDING | POLICE CASE/RECEIPT NO. YPD CN- 2484 | COMPANION CASE NO. |

NAME, ADDRESS AND TEL. NO. OF DEFENDANT(S)/SUBJECT(S)
1. IMPALA, MPAIA   8/8/54
   136 DIXWELL AVE HAMDEN

NAME, ADDRESS AND TEL. NO. OF COMPLAINANT(S)/OWNER(S)
1. SIRES, P. (ofc.) YPD

TYPE OF INCIDENT
2603   CRIMINAL TRESSPASS   2603

| TOWN OF SEIZURE | DATE OF SEIZURE | TYPE OF PROPERTY |
| NEW HAVEN | 9/2/10 | ☐ STOLEN ☑ EVIDENCE ☐ LOST/FOUND ☐ INVESTIGATION |

The following property was seized, in connection with a criminal/delinquency case: (Describe quantity, type, color, serial number, etc.)

**PROPERTY SEIZED**
1. ONE DISK VIDEO (FOOTAGE OF IMPALA INSIDE BAC)
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.

PART A INVENTORY NO.
PART B INVENTORY NO. 087668

If cash money was seized, enter total amount here ▶ TOTAL AMOUNT OF CASH $
(List each denomination separately on the numbered lines above.)

| SIGNED (Police Officer) | (Title) PRM | BADGE # 611 | DATE 9/2/10 | DEPARTMENT YPD |

**PROPERTY ROOM USE ONLY**

| EVIDENCE PHOTOGRAPHED ☐ NO ☐ YES | DATE | REMARKS |

| DATE OUT | REASON | BY | DATE RETURNED |

(over)   **INVENTORY OF SEIZED PROPERTY**

## ORDER OF THE COURT

| | ITEM(S) NUMBER | |
|---|---|---|
| **ASSET FORFEITURE** | | The preceding item(s) of property in the foregoing inventory is/are subject to an in rem asset forfeiture proceeding pursuant to C.G.S. § 54-36h. *See attached form.* |
| **RETURN TO OWNER(S)** | ITEM(S) NUMBER ✓ | The preceding item(s) of property in the foregoing inventory is/are hereby ordered returned to the rightful owner(s) within 6 months from the date of this order, upon proper claim therefor, OTHERWISE the property shall be disposed of pursuant to Section 54-36a of the Connecticut General Statutes as follows: |
| | ☐ | money shall be turned over to the Clerk of Court for deposit to the General Fund. |
| | ☐ | turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public auction or private sale and the proceeds remitted to the State and deposited to the General Fund. |
| | ☑ | destroyed. |
| | ☑ | turned over to the following charitable, educational or governmental agency or institution: *(Specify name and address)* |
| **EVIDENTIARY FUNDS AT A FINANCIAL INST.** | | The financial institution holding evidentiary funds seized by the _____ Police Department/law enforcement agency shall issue a check in the amount of _____ dollars payable to _____. |
| **CONTROLLED SUBSTANCE(S)** | ITEM(S) NUMBER | The preceding item(s) of property in the foregoing inventory is/are hereby adjudged to be controlled drug(s), substance(s) or drug paraphernalia and it is hereby ordered that said item(s) be: |
| | ☐ destroyed (C.G.S. 54-36a; 54-36g). | ☐ delivered to the Commissioner of Consumer Protection (C.G.S. 21a-262). |
| **FIREARMS/ CONTRABAND** | ITEM(S) NUMBER | The preceding item(s) of property in the foregoing inventory is/are hereby adjudged to be contraband and it is hereby ordered that said item(s) be turned over to the Bureau of Identification of the Connecticut State Police Division for ☐ destruction ☐ appropriate use ☐ disposal by sale at public auction |
| | (C.G.S. 54-36e) or ☐ | turned over to the Commissioner of Environmental Protection in accordance with C.G.S. §§ 26-85 and 26-90. |
| **NUISANCE, CONTRABAND OR OTHER PROPERTY** | ITEM(S) NUMBER | The preceding item(s) of property in the attached inventory is/are hereby adjudged to be a nuisance, contraband or other property ordered to be forfeited and it is hereby ordered disposed of as follows: |
| | ☐ | money shall be turned over to the Clerk of Court for deposit to the General Fund. |
| | ☐ | turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public auction or private sale and the proceeds remitted to the State and deposited to the General Fund. |
| | ☐ | destroyed. |
| | ☐ | turned over to the following charitable, educational or governmental agency or institution: *(Specify name and address)* |
| **GAMBLING** | ITEM(S) NUMBER | The preceding item(s) of property in the attached inventory is/are hereby adjudged seized, pursuant to Connecticut General Statute 53-278c and said item(s) are hereby ordered to be disposed of as follows: |
| | ☐ | money shall be turned over to the Clerk of Court for deposit to the General Fund. |
| | ☐ | property used in gambling shall be turned over to the Examiner of Seized Property for disposition, provided that if it is a valuable prize, it shall be sold at public auction or private sale and the proceeds remitted to the State and deposited to the General Fund. |
| | ☐ | destroyed. |
| | ☐ | turned over to the following charitable, educational or governmental agency or institution: *(Specify name and address)* |

| BY ORDER OF THE COURT (Name of Judge) | JUDICIAL DISTRICT, G.A., OR JUVENILE | SIGNED (Judge) | DATE SIGNED |
|---|---|---|---|
| Sequino | 23 | [signature] | 4/6/11 |

### NOTICE OF ORDER OF THE COURT

NOTICE is hereby given of the foregoing Order of the Court. Gen. Stat. 54-36a requires you to comply with the order within 90 days of receipt. If the court has rendered an order returning the seized property to the rightful owner and the owner does not claim the property, you are required to comply within 90 days following the expiration of the six month claim period. A return of compliance to the preceding order must be filed with this court within 72 hours of compliance.

| TO (Name of Police Dept.) | FROM (Name of Court) | SIGNED (Clerk of Court, Authorized Assistant) | DATE SIGNED |
|---|---|---|---|
| Hale PD | 23 | MARISSA TADDEI | 4/6/11 |

**RETURN OF COMPLIANCE**

The undersigned represents that the person or department having custody or possession of said property has complied with the above Order of the Court by:

☑ 1. turning said property over to:

| (Name of individual) | (Title of individual) | (Date turned over) |
|---|---|---|
| Jeff Emons | Investigator State's Atty | 09/29/10 |

☑ 2. destroying said property in the following manner (C.G.S. 54-36g):

| (Manner of destruction) | (Date Destroyed) | (By Whom) | (Name of Witness) |
|---|---|---|---|
| shreded | 5/11/11 | Inv. [signature] | [signature] |

☐ State Tox. Lab notified.   ☐ Turned over to Narc. Control Unit/Dept. of Consumer Protection. (C.G.S. 54-36g)

| NAME OF POLICE DEPT. | SIGNATURE AND TITLE | | DATE |
|---|---|---|---|
| New Haven | [signature] Sergeant | | 05/04/13 |

I acknowledge receipt of the item(s) listed below and relieve the above Police Dept. of responsibility for said item(s).

| ITEM NUMBER(S) | SIGNED (Owner/Agent) | RELEASED BY (Print name) | DATE RELEASED |
|---|---|---|---|
| | | | |

J-CR-18 rev. 10/07