UNITED STATES DISTRICT COURT   DISTRICT OF CONNECTICUT

ZEE WEE J.MPALA, Plaintiff

Case #3:13cv1226(AVC)

vs.

PAUL SIRES, Defendants

March 16th 2017

REPLY TO DEFENDANTS OBJECTION TO MOTION FOR SANCTION

Plaintiff appearing Prose, Zee Wee J.Mpala, files pursuant to the following: Jurisdiction: that defs., acted with the specific intent to deprive him of his Constitutional rights to due process and equal protection under the 4th, 5th & 14th amendts., 42 U.S.C. Sect. 1983 & 1985, Perry vs. Stamford996F.Supp.2d 74 (2014) violations. The Plaintiff also choose to go pursuant to Perry, supra, which is 2nd Cir., law,(Jurisdictionally) like Plaintiff who filed under Bivens vs. 6 Unknown Agents403U.S.388(1971). Carpenter vs.Koskinen pursuant to Bivens vs.6Unknown Agents,supra, F.Supp.3d(2ndCir.2015) In Re Sims534F3d 117(2ndCir.2008)and pursuant to Equity & any other favorable laws applicable.

The Defs., claimed that the Plaintiff filed this Complaint & Motion that they Characterized as a R.60(b). This is not true! (See Plaintiff's Reply To Defs., Obj., To Motion To Motion To Reopen Judgment"

"Lighten Does Not Strike Twice In The Same Place!" It's said. JRWs failed to claimed the Yale Univ., as a defendant, because they are responsible for the Film!( Plaintiff is not sure who is responsible for the Preservation of Film from the British Art Museum?) In Crawford vs. New London, the defs., were charged with Spoliation of evidence, because the def., did not keep keep the original film. However the def., reasonable foreseen a litigation and made a copy.(F.Supp.2d(2ndCir.2014) Watch the defs., deny having a copy. aggrieved that the Court has let them get away with this! This was done with impunity! Let's suppose that the Court had both videos for it's persual. Let's also suppose that the film showed that the Plaintiff was actually innocent of all the charges. The film showed that the defs., were the Culprits. Then why? It would exonerate & exculpate the Plaintiff! Their would be no need for the other 8 yards. "The determination of an appropriate Sanction for Spoliation, if any, is confined to the sound discretion of the trial Judge and assessed on a case by case basis." (See Braham vs. Lantz F.Supp.2d (2ndCir.2014)

The defs., had an obligation to preserved. (See Thomas vs. Butkiewicus(DeConn. 2016)violation!

Both JRWs & the defs., are responsible & to blame for this.

The Sires & Funaro Cases are both companion cases, they are identical cases. The defs., in both cases, despite timely requests to preserved still destroyed the Film. "Lighten Does Not Strike Twice In the Same Place!" It's said.

The Plaintiff was right behind a New Haven Socialite named Lady Elise Knapp, who is a member of the New Haven Lawn Club. Ms.Knapp & her girlfriend entered the Museum while Mpala turned around. An Investigator will be receiving an Statement from Ms.Knapp shortly. The Statement will exonerate the Plaintiff. The reason that the Plaintiff did not get a Statement from her earlier, was because the Plaintiff thought that the Film in this case was preserved!

On Sunday afternoon 11/11/2012, the Plaintiff did a Good Samaritan Act for a Yale Student named Ann Marie Smith from Wisconsin. (See the E-mail attached) The Plaintiff tried get a Police Report of this Lost & Found case, so that he could get Credit for it in the future. However Officer James Yacona said no! He also claimed that what the Plaintiff turned in was only Wallet. Mpala will be filing a FOIA request.

Conclusion: This Court, Mpala vs. Funaro & Mpala vs. Sires, should both be dismissed these cses with prejudice, in favor of the Plaintiff as soon as possible! The Plaintiff should receive any other relief applicable!

(This was a clear case of Racial Profiling in violation of Conn.,law)

( This Complaint & Motion is not procedurally barred)

Zee Wee J.Mpala,Plaintiff Prose
E-mail: el.oveja.negro7650@gmail.com
358 Orange St. Apt.#916
New Haven, Ct. 06511

2)

CERTIFICATION

This is to Certify that on the   20th day of March   2017 a true

Copy of the foregoing Motion was hand delivered to the,

                                              The U.S.Disgrict Court
(D-Conn.)  Office of the Clerk   141 Church st. New Haven, Ct. 06511


and E-Mailed to Clendenen & Shea,LLC   Kevin C.Shea 400 Orange St. NewHaven,Ct.
     office@clenlaw.com                                                       06510


Zee Wee J.Mpala,Plaintiffappearing Prose
E-mail: el.oveja.negro7650@gmail.com
358 Orange St. Apt.#916
New Haven, Ct. 06511

Subject: For Good Samaritan Act
From: Oveja Negro (el_oveja_negro@yahoo.com)
To: James.yacona@yale.edu;
Cc: el_oveja_negro@yahoo.com;
Date: Wednesday, April 24, 2013 4:34 PM

24th day 4th Month 2013
To Officer James Yacona of the Yale Police Dept.,.

Officer Yacona, on Sunday afternoon 11/11/2012, I performed the following good Samaritan act:
I turned over to thee a Yale Student's lost Purse containing 2 Credit Cards, a International Photo ID, a Wisconsin Photo Drivers License, a Yale Student Photo ID, a Cell Phone, close to $200.00, and a ring with about 10 keys.

I trying to start a Clean up Campaign. However first I will be applying for a grant. I want to attach your reply confirming this good deed to the application.

Zee Wee D.Mpala